# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRESHIA DONTE SUMMERS,<br><br>Petitioner,<br><br>v.<br><br>MALCOLM J. HOWARD,<br><br>Respondent. | Case No.: 1:21-cv-00826-SKO (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>[THIRTY-DAY OBJECTION DEADLINE] |

Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He is in the custody of the Bureau of Prisons at the United States Penitentiary in Atwater, California. He filed the instant federal petition on May 21, 2021, challenging his resentencing. (Doc. 1.) For reasons that follow, the Court finds that Petitioner fails to satisfy the "savings clause" or "escape hatch" of § 2255(e). Therefore, the Court will recommend the petition be SUMMARILY DISMISSED.

**BACKGROUND**

On September 14, 2016, Petitioner was resentenced in the United States District Court for the Eastern District of North Carolina (Case No. 5:13-cr-00006-H-2) to a term of 240 months following the vacatur of his original armed career criminal sentence in light of Johnson v. United States, 135 S.Ct. 2551 (2015). (Doc. 1 at 2, 12.)

1

Petitioner appealed the resentencing to the Fourth Circuit Court of Appeal. (Doc. 1 at 2.) On July 6, 2017, the appellate court dismissed the appeal, finding that Petitioner had knowingly and voluntarily waived his right to appeal and that the sentencing issues he sought to raise fell squarely within the scope of his waiver. (Doc. 1 at 12.) In accordance with Anders v. California, 386 U.S. 738 (1967), the appellate court also independently reviewed the record for any potentially meritorious issues that fell outside the scope of the waiver and found none. (Doc. 1 at 13.)

On September 11, 2017, Petitioner filed a motion to vacate or set aside the sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the Eastern District of North Carolina. (Doc. 1 at 16.) On March 27, 2020, the motion was denied. (Doc. 1 at 2.)

On May 21, 2021, Petitioner filed the instant habeas petition. (Doc. 1.) He claims that the district court imposed a sentence in excess of the statutory maximum authorized by law under Johnson v. United States, 135 S.Ct. 2551 (2015). He further contends counsel was ineffective in failing to correct the sentence miscalculations. Finally, he contends that he is actually innocent of the sentence.

**DISCUSSION**

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir.2006), *cert. denied*, 549 U.S. 1313 (2007). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163; Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. Stephens, 464 F.3d at 897; Hernandez, 204 F.3d at 865. "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test

the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted).

An exception exists by which a federal prisoner may seek relief under § 2241, referred to as the "savings clause" or "escape hatch" of § 2255. United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting 28 U.S.C. § 2255); see Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez, 204 F.3d at 864-65. "[I]f, and only if, the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention'" may a prisoner proceed under § 2241. Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012); see 28 U.S.C. § 2255(e). The Ninth Circuit has recognized that it is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The exception will not apply "merely because section 2255's gatekeeping provisions," such as the statute of limitations or the limitation on successive petitions, now prevent the courts from considering a § 2255 motion. Id., 328 F.3d at 1059 (ban on unauthorized or successive petitions does not *per se* make § 2255 inadequate or ineffective); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (*per curiam*) (§ 2255 not inadequate or ineffective simply because the district court dismissed the § 2255 motion as successive and court of appeals did not authorize a successive motion).

The Ninth Circuit has held that Section 2255 provides an 'inadequate and ineffective' remedy (and thus that the petitioner may proceed under Section 2241) when the petitioner: (1) makes a claim of actual innocence; and, (2) has never had an 'unobstructed procedural shot' at presenting the claim. Harrison, 519 F.3d at 959; Stephens, 464 F.3d at 898; *accord* Marrero, 682 F.3d at 1192. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963). If a petitioner fails to meet this burden, his § 2241 petition must be dismissed for lack of jurisdiction. Ivy, 328 F.3d at 1060.

Here, Petitioner is challenging the validity and constitutionality of his sentence as imposed by the United States District Court for the Eastern District of North Carolina, rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 in the North Carolina District Court, not a habeas petition pursuant to § 2241 in this Court. Petitioner acknowledges this fact, but contends the remedy under § 2255 is inadequate and

ineffective. Petitioner's argument is unavailing, because he does not present a claim of actual innocence or demonstrate that he has never had an unobstructed procedural opportunity to present his claim.

A. Actual Innocence

Petitioner has failed to demonstrate that his claims qualify under the savings clause of Section 2255 because his claims are not proper claims of "actual innocence." In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 savings clause is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 U.S. at 898. In Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (internal quotation marks omitted). Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that "no reasonable juror" would have convicted him. Lorentsen, 223 F.3d at 954.

Here, Petitioner makes no claim of being factually innocent of possessing a stolen firearm in a school zone. He instead takes issue with the sentence imposed. Under the savings clause, Petitioner must demonstrate he is actually innocent of the crime for which he has been convicted, not the sentence imposed. See Ivy, 328 F.3d at 1060; Lorentsen, 223 F.3d at 954 (to establish jurisdiction under Section 2241, petitioner must allege that he is "'actually innocent' of the crime of conviction"). The instant § 2241 petition, therefore, does not fit within the exception to the general bar against using Section 2241 to collaterally attack a conviction or sentence imposed by a federal court. See Stephens, 464 F.3d at 898-99 (concluding that, although petitioner satisfied the requirement of not having had an "unobstructed procedural shot" at presenting his instructional error claim under Richardson v. United States, 526 U.S. 813, 119 (1999), petitioner could not satisfy the actual innocence requirement as articulated in Bousley and, thus, failed to properly invoke the escape hatch exception of Section 2255).

Even if Petitioner satisfied the savings clause and the Court could entertain his petition, as noted by the Fourth District Court of Appeal, relief would be barred since Petitioner waived his right to collateral review in his plea agreement. (Doc. 1 at 12.) See United States v. Abarca, 985 F.2d 1012,

1014 (9th Cir. 1993) (enforcing a waiver to collateral attack of conviction in § 2255 proceeding). Relief under § 2241 is therefore foreclosed.

B. <u>Unobstructed Procedural Opportunity</u>

The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred. <u>See</u> <u>Ivy</u>, 328 F.3d at 1060 ("In other words, it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion."). To determine whether a petitioner never had an unobstructed procedural shot to pursue his claim, the Court considers "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." <u>Harrison</u>, 519 F.3d at 960 (quoting <u>Ivy</u>, 328 F.3d at 1060-61). "An intervening court decision must 'effect a material change in the applicable law' to establish unavailability." <u>Alaimalo</u>, 645 F.3d at 1047 (quoting <u>Harrison</u>, 519 F.3d at 960). That is, an intervening court decision must "constitute[] a change in the law creating a previously unavailable legal basis for petitioner's claim." <u>Harrison</u>, 519 F.3d at 961 (second emphasis added) (citing <u>Ivy</u>, 328 F.3d at 1060).

In this case, the legal basis for Petitioner's claim was available prior to resentencing. Indeed, as Petitioner states, he brought his challenges on appeal and in his § 2255 motion. In addition, the law has not changed in any way relevant to his claims after his appeal and § 2255 motion. <u>Harrison</u>, 519 F.3d at 960.

Accordingly, the Court concludes that Petitioner has not demonstrated that Section 2255 constitutes an "inadequate or ineffective" remedy for raising his claims. Section 2241 is not the proper statute for raising Petitioner's claims, and the petition should be summarily dismissed for lack of jurisdiction.

**ORDER**

IT IS HEREBY ORDERED that the Clerk of the Court is DIRECTED to assign a United States District Judge to this case.

**RECOMMENDATION**

Based on the foregoing, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy of this Findings and Recommendation, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **May 24, 2021**　　　　　　　　　　　/s/ *Sheila K. Oberto*
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE