UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRESHIA DANTE SUMMERS,<br><br>Petitioner,<br><br>v.<br><br>MALCOLM J. HOWARD,<br><br>Respondent. | No. 1:21-cv-00826-DAD-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING PETITION<br><br>(Doc. No. 6) |

Petitioner Ireshia Dante Summers is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 25, 2021, the assigned magistrate judge issued findings and recommendations recommending that the petition for federal habeas relief be dismissed due to lack of subject-matter jurisdiction. (Doc. No. 6.) In particular, the magistrate judge found that petitioner failed to satisfy the "savings clause" or "escape hatch" of § 2255(e), as required in order to proceed with a § 2241 petition for federal habeas relief, "because he does not present a claim of actual innocence or demonstrate that he has never had an unobstructed procedural opportunity to present his claim." (*Id.* at 4.) The pending findings and recommendations were served on petitioner at his address of record and contained notice that any objections thereto were to be filed within

thirty (30) days of service. (*Id*. at 6.) On June 29, 2021, petitioner timely filed objections. (Doc. No. 7).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including petitioner's objections, the court concludes that the findings and recommendations are supported by the record and proper analysis.

In his objections to the pending findings and recommendations, petitioner states in conclusory fashion that he is "factually innocent of the crime of conviction for possessing a stolen firearm in a school zone and innocent of an error in the administration of his sentence." (Doc. No. 7 at 2.) But petitioner does not provide any facts or arguments in his objections or in his § 2241 petition to support his conclusory assertion of factual innocence. Petitioner simply does not explain how he is allegedly factually innocent of the crime of conviction. Thus, petitioner's objections provide no basis upon which to reject the pending findings and recommendations.

Additionally, the court declines to issue a certificate of appealability. A petitioner seeking writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires that a district court issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). The court will issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, reasonable jurists would not find the court's decision to dismiss the petition for lack of jurisdiction to be debatable or conclude that the petition should proceed further. Thus, the court declines to issue a certificate of appealability.

Accordingly:

1. The findings and recommendations issued on May 25, 2021 (Doc. No. 6) are adopted in full;

2. The petition for writ of habeas corpus (Doc. No. 1) is denied for lack of subject-matter jurisdiction;

3. The Clerk of the Court is directed to close this case; and

4. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **July 12, 2021**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE